IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO SERNA-CAMACHO | § | |
| | § | |
| V. | § | A-12-CV-963 LY |
| | § | (A-11-CR-305(1) LY) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Jose Antonio Serna-Camacho's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. # 123); the Government's Response to the Motion (Dkt. # 130); and Movant's Traverse to the Government's Response (Dkt. # 132).

## I. GENERAL BACKGROUND

On June 7, 2011, Movant Jose Antonio Serna-Camacho ("Serna") was charged in a three count indictment with conspiracy to possess with intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (count one); possession with intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)

and 18 U.S.C. § 2 (count two); and using and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (count three). On July 27, 2011, pursuant to a plea agreement, Serna entered a plea of guilty to count one of the indictment. On October 12, 2011, the District Court sentenced Serna to a 121-month term of imprisonment, followed by a five-year term of supervised release, and ordered him to pay a $100 special assessment fee. Serna did not file a direct appeal of his conviction and sentence.

Serna has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, arguing that he was denied the effective assistance of counsel.

## II. STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). However, a

defendant's claim of ineffective assistance of counsel does give rise to a constitutional issue and is cognizable pursuant to Section 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

## III. ANALYSIS

Serna contends that he was denied the effective assistance of counsel because his attorney failed to argue at sentencing that he should be entitled to a four-level sentence reduction for participation in the "fast track" program. Specifically, Serna argues that his attorney should have discussed the fast track option with the United States Attorney and should have raised the issue with the District Court at sentencing. Serna's arguments are entirely without merit.

On January 31, 2012, Deputy Attorney General James Cole issued a memorandum instructing all United States Attorneys to implement fast-track programs in their districts no later than March 1, 2012, in cases where a defendant pleads guilty, pursuant to a plea agreement, to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. If a defendant is eligible, the attorney for the government shall move for either a four-level downward departure or, in some circumstances where a defendant has a high criminal history category or at least one felony conviction for a serious violent offense, a two-level departure. See Memorandum from James M. Cole for U.S. Attorneys (Jan. 31, 2012) ("Fast–Track Memo"), available at www.justice.gov/dag/fast-track-program.pdf. In accordance with the Memorandum, the Western District of Texas implemented its Fast-Track Program on March 1, 2012. See Western District of Texas Illegal Reentry Fast-Track Program at http://www.txwd.uscourts.gov.

Serna cannot show that his attorney was ineffective for failing to raise the fast track issue at sentencing because Serna was not eligible for the program. Serna was pleading guilty to a violation of 21 U.S.C. §§ 846 and 841(a)(1) (conspiracy to possess with intent to distribute more than five kilograms of cocaine), not illegal reentry. See *Melchaca v. United States,* 2013 WL 1482524 at *2 (N.D. Tex. April 10, 2013) (finding that petitioner was not eligible for fast track program since he

4

was pleading guilty to drug offense, not illegal reentry). Serna was also not eligible for the program because the Western District of Texas had not even implemented the program at the time Serna was sentenced. See *Barraza v. United States,* 2013 WL 1192014 at * 1(W.D. Tex. Feb. 4, 2013) (holding that attorney could not have been ineffective since petitioner was sentenced before the fast track program was implemented in the district). Based upon the foregoing, Serna has failed to show that his attorney was deficient or that he was prejudiced by his performance. "Counsel cannot be deficient for failing to press a frivolous point." *Sones v. Hargett,* 61 F.3d 410, 415 n. 5 (5th Cir. 1995). Accordingly, Serna has failed to show that he was denied the effective assistance of counsel and his § 2255 Motion must be denied.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Jose Antonio Serna-Camacho's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Dkt. # 123);

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack*

*v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the resolution recommended herein, as it grants the relief requested by the Petitioner, and was agreed to by the Government. Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of May, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE